Jones *v.* Tucker.

## JONES *v.* TUCKER.

The rule determining the subjects upon which experts may testify, and the rule prescribing the qualifications of experts, are matters of law; but whether a witness, offered as an expert, has those qualifications, is a question of fact, to be decided by the court, at the trial.

CASE, for injuring, by immoderately driving, a horse, hired of the plaintiff by the defendant. A witness for the plaintiff, whose competency to testify as an expert in the matter was proved to the satisfaction of the court, was allowed to testify as to the cause, nature, and remedy of the disease of horses called founder, and that the plaintiff's horse was foundered. To the ruling of the court, admitting this evidence, the defendant excepted, on the ground that the witness was not an expert. A verdict was returned for the plaintiff, which the defendant moved to set aside.

*Towle* and *Bell*, for the defendant.

*Hatch & Webster*, for the plaintiff.

Jones v. Tucker.

Doe, J. When a witness is offered as an expert, three questions necessarily arise: 1. Is the subject concerning which he is to testify, one upon which the opinion of an expert can be received? 2. What are the qualifications necessary to entitle a witness to testify as an expert? 3. Has the witness those qualifications?

Experts may give their opinions upon questions of science, skill, or trade, or others of the like kind, or when the subject-matter of inquiry is such that inexperienced persons are unlikely to prove capable of forming a correct judgment upon it without such assistance, or when it so far partakes of the nature of a science as to require a course of previous habit, or study, in order to the attain-. ment of a knowledge of it; and the opinions of experts are not admissible, when the inquiry is into a subject-matter, the nature of which is not such as to require any peculiar habits or study, in order to qualify a man to understand it. 1 Gr. Ev. sec. 440; 1 Smith L. C. 286; *Rochester* v. *Chester*, 3 N. H. 349; *Peterborough* v. *Jaffrey*, 6 N. H. 462; *Whipple* v. *Walpole*, 10 N. H. 130; *Beard* v. *Kirk*, 11 N. H. 397; *Robertson* v. *Stark*, 15 N. H. 109; *Marshall* v. *Ins. Co.*, 27 N. H. 157. Upon subjects of general knowledge, which are understood by men in general, and which a jury are presumed to be familiar with, witnesses must testify as to facts alone, and the testimony of witnesses as experts merely is not admissible. *Concord Railroad* v. *Greely*, 23 N. H. 237, 243.

Experts have been described as "men of science," *Folkes* v. *Chadd*, 3 Doug. 157; "persons professionally acquainted with the science or practice," Strickland on Ev. 408; "conversant with the subject-matter," Best's Principles of Evidence, sec. 346; "persons of skill," *Rochester* v. *Chester*, 3 N. H. 349, 365; "experienced persons," *Peterborough* v. *Jaffrey*, 6 N. H. 462, 464; possessed of some particular science or skill respecting the matter in question, *Beard* v. *Kirk*, 11 N. H. 397. In *Barron* v. *Cobleigh*,

11 N. H. 557, certain lots of land had been surveyed, about fifty years before the trial, by one Snow, a surveyor. The defendants offered one McDuffie as a witness, who testified that he had for many years been a surveyor, and had often run out the lines of the lots surveyed by Snow; and it was said that if the witness had been called to give his opinion, as an expert, whether the marks upon the corners, about which he testified, were ancient marks, he would have been admissible for that purpose. Greater opportunities for observation, and greater study respecting certain subjects, may give the witness superior skill in relation to those subjects, and entitle his opinions to be received as those of an expert. Thus, witnesses who have made it a subject of study and observation, may be admitted to give their opinion respecting hand-writing. *Robertson* v. *Stark*, 15 N. H. 109, 113. In *Marshall* v. *Ins. Co.*, 27 N. H. 157, 163, a witness testified that he was a house-joiner, and had always been engaged in that as his business; that he had worked at it himself for many years, and had built a great many houses by contract, employing a great many hands in the prosecution of that business; that during the three preceding years he had built not less than twenty-five houses by contract, and that he considered himself to be well acquainted with the business; and it was remarked by the court that the witness appeared to have had sufficient experience to entitle him to the character of an expert in his business. An expert must have made the subject upon which he gives his opinion a matter of particular study, practice, or observation, and he must have particular and special knowledge on the subject.

The rule determining the subjects upon which experts may testify, and the rule prescribing the qualifications of experts, are matters of law; but whether a witness, offered as an expert, has those qualifications, is a question of fact, to be decided by the court at the trial. The various disqualifications which render a person incompetent to be

Jones *v.* Tucker.

sworn and to give any testimony, are fixed by law, but whether the disabilities exist in a particular case is a question of fact. And whether a disability is such that a person cannot testify at all, or only such that he cannot testify as an expert, the existence of the disability is equally a matter of fact, most conveniently and satisfactorily determined at the trial. That an expert must have special and peculiar knowledge or skill, is as definite a rule as that the search for a lost paper, or subscribing witness, must be diligent and thorough; and whether a witness has special and peculiar knowledge, is as much a question of fact as the question whether a search is diligent and thorough.

Upon a question of fact, the whole court will not revise the decision of a presiding justice, unless it is specially reserved by him for revision, and his decision is not subject to exception. In the present case, it does not appear that the rule of law, prescribing the qualifications of an expert, was disregarded, and the judgment of the presiding justice, as to what the qualifications of the witness were, was conclusive and final.

*Judgment on the verdict.*